**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                          Criminal Case No: 1:05CR48

JULIA M. DALTON,

       Defendant.

**REPORT AND RECOMMENDATION/OPINION CONCERNING**
**PLEA OF GUILTY IN FELONY CASE**

      This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Julia M. Dalton, in person and by counsel, Ann Ballard, appeared before me on July 28, 2005. The Government appeared by David Godwin, Assistant United States Attorney.

      Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Counts Two and Twenty-Two of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement as amended was correct. The Court ORDERED the written Plea Agreement filed.

      The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Thereupon, the Court inquired of Defendant concerning her understanding of her

right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Julia M. Dalton, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the Defendant's entry of a plea of guilty to the felony charges contained in Counts Two and Twenty-Two of the Indictment, and determined they understood that the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation made by the government or

contained in the pre-sentence report.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charges contained in Counts Two and Twenty-Two of the Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged their understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the Indictment in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Counts Two and Twenty-Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against her, understood that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on each of those charges was imprisonment for a term of not more than 20 years, understood that a fine of not more than $250,000 could be imposed, understood that both imprisonment and a fine could be imposed, and understood that a term of supervised release of not more than three (3) years could be imposed. Defendant further understood the Court would impose a special assessment of $100.00 for each felony conviction payable at the time of sentencing, understood that the Court may require her to pay the costs of her incarceration and supervised release, and understood that her actual sentence could not be calculated until after a pre-

sentence report was prepared and a sentencing hearing conducted, and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Government, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her on July 21, 2005, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the non-binding recommendations in the written plea agreement, and determined that Plaintiff understood that the Court is not bound by these recommendations.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her direct and collateral appeal rights as contained in the written plea agreement, and determined she understood those rights and voluntarily gave them up as part of the written plea agreement pursuant to the stated conditions.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Counts Two and Twenty-Two of the Indictment, including the elements the United States would have to prove at trial, each count charging her with the felony offense of Mail Fraud in violation of Title 18, United States Code,

Section 1341.

The Court then received the sworn testimony of United States Postal Investigator Anthony Branch and Defendant's under-oath allocution to or statement of why she believed she was guilty of the charges contained in Counts Two and Twenty-Two of the Indictment.

Julia Dalton testified that she believed she was guilty of the offense charged in Count Two of the Indictment because, although her husband died in 1998, she continued to receive benefits checks in the mail from the state workers' compensation division, and endorsed his name on the checks and had them deposited. She also testified, however, that she "thought she had followed the rules and notified" workers' compensation. She heard nothing from workers' compensation and the checks continued to come. In May 2000, she admittedly sent an address change to workers' compensation stating "we" had moved, but then testified she believed the "we" had meant herself and her daughter. Defendant did testify she received the check in May 2000, knowing it was more than two years after her husband's death, at which time benefits should have ended.

Defendant testified she believed she was guilty of the offense charged in Count 22 of the Indictment, because in December 2001, she mailed a letter to workers' compensation, which she dated May 5, 1998, although it was actually written in December 2001. The purpose of the post-dated letter was to make the agency believe she had notified it of Charles Dalton's death in 1998.

Anthony Branch testified that he was involved in a Mail Fraud investigation involving a possible fraudulent West Virginia state Workers' Compensation claim. The investigation revealed that Charles Dalton, Defendant's husband, was the recipient of workers' compensation benefits in the amount of approximately $942.00 per month. Mr. Dalton passed away in 1998, but Workers' Compensation was never notified of his death. Benefits continued to be paid until on or about December 2001. The checks were all made out to Charles Dalton. They were endorsed on the back

5

with Charles Dalton's name, then secondarily endorsed by another individual, Sarah Dalton McClure, Defendant's daughter and co-defendant in this case. The checks were then deposited into Ms. McClure's bank account. Handwriting experts determined Charles Dalton's name on the back of the checks was actually signed by Defendant and her two co-defendants. At some point in time, although Defendant did not actually change her physical residence, she was given a new mailing address for 911 purposes. Her mailing address was changed from a rural route to a street address. At this time, Defendant sent a form to workers' compensation stating "we" have moved. Thus the benefit checks continued to be sent through the mail by the state workers' compensation division to Defendant.

Counts Two through Twenty-One of the Indictment each concern a benefits check addressed to the deceased Charles Dalton and fraudulently endorsed and deposited by co-defendants. Count Two of the Indictment involves a check written and mailed by the Workers' Compensation division in Charleston, West Virginia on May 25, 2000, to Charles Dalton in Monongalia County, West Virginia, both within the Northern District of West Virginia. Count 22 involves a Workers' Compensation update form with a letter dated May 5, 1998, mailed by Defendant on or about the 24th day of December, 2001, in Monongalia County, West Virginia, and addressed to the Workers' Compensation division in Charleston, West Virginia. The form stated that Defendant's husband died in 1998. The attached letter was purportedly a "copy" of a letter Defendant said she had mailed to workers' compensation in May 1998, advising the agency of Charles Dalton's death. The letter, however, although dated May 5, 1998, was actually written in December 2001. The State Bureau of Employment Programs in Charleston had no record of a letter or any notification of Charles Dalton's death before that time.

Thereupon, Defendant, with the consent of her counsel, Ann Ballard, proceeded to enter a

verbal plea of **GUILTY** to the felony charges contained in Counts Two and Twenty-Two of the Indictment.

From the testimony of Anthony Branch, the undersigned Magistrate Judge concludes the offenses charged in Counts Two and Twenty-Two of the Indictment are each supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Defendant's allocution as to Count 22 of the Indictment. The undersigned finds Defendant's allocution to the offense charged in Count Two of the Indictment is in itself inadequate to support her plea. Notwithstanding the inadequacy of Defendant's allocution regarding Count Two, however, the undersigned finds Defendant's actual plea of "Guilty" to the charge on the record after the presentation of the government's testimony created an actual basis in fact, was sufficient.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charges contained in Counts Two and Twenty-Two One of the Indictment.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charges contained in Counts Two and Twenty-Two of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charges as contained in said Counts Two and Twenty-Two of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

It further appearing to the Court that Defendant has been released pursuant to an Order Setting Conditions of Release entered June 1, 2005, Defendant is continued on release, subject to those same Conditions pending further proceedings in this matter.

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this   1st day of August, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE